UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

- - - - - - - - - - - - - -

UNITED STATES OF AMERICA,

        Plaintiff,

  v.

THOMAS AARON HUNGERFORD,

        Defendant.

_____/

No. 1:24-CR-092

Hon. PAUL L. MALONEY
U.S. District Judge

## AMENDED PLEA AGREEMENT

This constitutes the plea agreement between Thomas Aaron Hungerford and the United States Attorney's Office for the Western District of Michigan. The terms of the agreement are as follows:

1. **Defendant Agrees to Plead Guilty**. The defendant agrees to plead guilty to Count 1 of the indictment. Count 1 charges the defendant with Sexual Exploitation of a Child in violation of Title 18, United States Code, Section 2251(a).

2. **Defendant Understands the Crime**. In order for the defendant to be guilty of violating Title 18, United States Code, Section 2251(a), the following must be true: (a) the defendant used a minor to engage in sexually explicit conduct for the purpose of producing a visual depiction of that conduct; and (b) the depiction was either (i) produced or transmitted using materials that were mailed, shipped, or transported in or affecting interstate or foreign commerce by any means, including computer; or (ii) transmitted using any means or facility of interstate or foreign commerce or in or affecting interstate or foreign commerce.

transmitted using any means or facility of interstate or foreign commerce or in or affecting interstate or foreign commerce.

The defendant is pleading guilty because he is guilty of this charge.

3. <u>Defendant Understands the Penalty</u>. The statutory maximum sentence that the Court can impose for a violation of Title 18, United States Code, Section 2251(a), is the following: 30 years in prison; a lifetime period of supervised release; a fine of $250,000; a mandatory special assessment of $100; and an additional special assessment of up to $50,000.

4. <u>Mandatory Minimum Sentence</u>. The statutory mandatory minimum sentence that the Court must impose for a violation of Title 18, United States Code, Section 2251(a), is 15 years in prison.

5. <u>Assessments, Restitution, Other Criminal Monetary Penalties, and Financial Cooperation</u>.

    a. <u>Assessment</u>. The defendant agrees to pay the special assessment on the day of sentencing.

    b. <u>Restitution</u>. The defendant understands that the Court will order restitution as authorized by law for the count of conviction. Pursuant to 18 U.S.C. § 3663(a)(1) and (3), the defendant agrees that the restitution order is not restricted to the victims or conduct alleged in the count to which he is pleading guilty and includes all of his victims conduct and includes all losses and victims of his sexual exploitation of minors, including the parents or guardians of minor victims, as alleged in the Indictment, in dismissed counts, and uncharged relevant conduct. The defendant agrees such

restitution may include, but is not limited to, increased security measures, counseling, and lost income incurred as a result of the offense. The defendant agrees that the Court will use 18 U.S.C. § 2259 when calculating restitution for victims of dismissed counts or uncharged conduct. The amount of restitution is currently unknown and will be determined by the Court at sentencing. The defendant agrees to pay at least $5100.00 towards his criminal monetary penalties prior to sentencing. The defendant agrees to pay restitution to the fullest extent possible based on his financial ability at or before the time of sentencing by submitting funds to the Clerk of Court.

   c. <u>Financial Cooperation</u>.  The defendant also:

    i. agrees to fully and truthfully complete and return the financial disclosure form the U.S. Attorney's Office provides, including any waivers, consents, or releases requested to access records to verify the financial information within 30 days of the date of this plea agreement;

    ii. agrees that any restitution or other criminal monetary penalties imposed by the Court shall be due and payable immediately, any payment plan set by the Court represents a minimum payment obligation, and the United States may immediately enforce the judgment in full; and

    iii. agrees that prior to sentencing he will not sell or give away any asset worth $5,000 or more, without the approval of the U.S. Attorney's Office. The defendant also agrees to notify the U.S. Attorney's Office of any proceeding, such as foreclosure or divorce, that may impact Defendant's financial condition.

iv. agrees to cooperate fully in the investigation of the amount of restitution or other criminal monetary penalties; the identification of funds and assets in which Defendant has any legal or equitable interest to be applied toward restitution or other criminal monetary penalties; and the prompt payment of the restitution or other criminal monetary penalties. Defendant's cooperation obligations are ongoing until Defendant has satisfied the monetary penalties, including restitution, in full. Defendant shall not provide false or incomplete information about his financial assets; or otherwise hide, sell, transfer or devalue assets with the purpose of avoiding payment of restitution or other criminal monetary penalties.

6. <u>Probation/Parole/Supervised Release Revocation</u>. The defendant understands that if he is presently probation, parole, or supervised release in another case, the conviction in this case may result in revocation of such status.

7. <u>Supervised Release Defined</u>. Supervised release is a period of time following imprisonment during which the defendant will be subject to various restrictions and requirements. The defendant understands that if he violates one or more of the conditions of any supervised release imposed, he may be returned to prison for all or part of the term of supervised release, which could result in him serving a total term of imprisonment greater than the statutory maximum stated above.

8. <u>Asset Forfeiture and Financial Accountability</u>. The defendant agrees to disclose to law enforcement officials the whereabouts of, his ownership interest in, and all other information known to him about, all assets, money, or property of any kind, derived from or acquired as a result of, or used to facilitate the commission of his illegal

activities.  The defendant agrees to assist and cooperate in the recovery of all monies, property, or assets derived from, or acquired as a result of the offense charged in Count 1 of the Indictment. The defendant further agrees to forfeit all rights, title, and interest in and to such items.

The defendant also agrees to fully cooperate with the federal government in the seizure and forfeiture of assets under Title 18, United States Code, Section 2253, which includes, among other things, all visual depictions of child pornography as defined under this section and chapter, any property, real or personal, constituting or traceable to gross profits or other proceeds obtained from such offenses, and any property, real or personal, used or intended to be used to commit or to promote the commission of such offenses or any property traceable to such property.  Specifically, the defendant agrees to forfeit to the United States the Apple iPad Model A1893 S/N: G7WW1JMJF8M Apple iPhone IMEI: 352838111049471 Sandisk Thumb Drive SDIX60N064G Sandisk Thumb Drive Model #: SDIX30 (the "electronic devices"), which constitute real or personal property used or intended to be used to commit or to promote the commission of such offense or any property traceable to such property as charged in Count 1 of the Indictment.  The defendant admits that his electronic devices are subject to forfeiture pursuant to Title 18, United States Code, Section 2253. The defendant consents to the entry of a preliminary order of forfeiture concerning his electronic devices at or before the time of sentencing.

9.	<u>Factual Basis of Guilt</u>. The defendant and the U.S. Attorney's Office agree and stipulate to the following statement of facts which need not be proven at the time of the plea or sentencing:  On August 16, 2023, while in Grandville, Michigan, the defendant

5

recorded a female under the age of 18 engaged in sexually explicit activity, and specifically depicting the lascivious exhibition of her genitals, without her knowledge or consent. The defendant made the recording on his iPhone and saved it on a removable storage device, both of which were manufactured outside the state of Michigan.

10. <u>Dismissal of Other Counts/Charges</u>. The U.S. Attorney's Office agrees to move to dismiss the remaining counts of the indictment. The defendant agrees, however, that in determining the sentence the Court may consider the dismissed counts in determining the applicable Sentencing Guidelines range, where the sentence should fall within the applicable guidelines range, and the propriety of any departure from the calculated guidelines range. By this agreement, the defendant does not concede that an increased sentence or an upward departure is, in fact, warranted.

11. <u>Acceptance of Responsibility</u>. The U.S. Attorney's Office agrees not to oppose the defendant's request for a two-level reduction of his offense level for acceptance of responsibility under Section 3E1.1(a) of the Sentencing Guidelines. However, the U.S. Attorney's Office reserves the right to object to the defendant's request if it subsequently learns of conduct by him that is inconsistent with the criteria set forth in the Commentary to Section 3E1.1. Should the Court grant a two-level reduction as provided herein, the Government will move the Court to grant an additional one-level reduction if the adjusted offense level is 16 or greater pursuant to Section 3E1.1(b).

12. <u>The Sentencing Guidelines</u>. The defendant understands that, although the United States Sentencing Guidelines (the "Guidelines") are not mandatory, the Court must consult the Guidelines and take them into account when sentencing him. The

defendant understands that the Court, with the aid of the presence report, will determine the facts and calculations relevant to sentencing. The defendant understands that he and his attorney will have the opportunity to review the presentence report and to make objections, suggestions, and recommendations concerning the calculation of the Guideline range and the sentence to be imposed. The defendant further understands that the Court shall make the final determination of the Guideline range that applies in this case, and may impose a sentence within, above, or below the Guideline range, subject to the statutory maximum and minimum penalties described elsewhere in this Agreement. The defendant further understands that disagreement with the Guideline range or sentence shall not constitute a basis for withdrawal of the plea.

13. <u>There is No Agreement About the Final Sentencing Guidelines Range</u>. The defendant and the U.S. Attorney's Office have no agreement as to the applicable Sentencing Guidelines factors or the appropriate guideline range. Both parties reserve the right to seek any sentence within the statutory maximum, and to argue for any criminal history category and score, offense level, specific offense characteristics, adjustments and departures.

14. <u>Waiver of Constitutional Rights</u>. By pleading guilty, the defendant gives up the right to persist in a plea of not guilty and the right to a speedy and public trial by jury or by the Court. As a result of Defendant's guilty plea, there will be no trial. At any trial, whether by jury or by the Court, Defendant would have had the following rights:

7

      a.      The right to the assistance of counsel, including, if the defendant could not afford an attorney, the right to have the Court appoint an attorney to represent Defendant.

      b.      The right to be presumed innocent and to have the burden of proof placed on the Government to prove the defendant guilty beyond a reasonable doubt.

      c.      The right to confront and cross-examine witnesses against him.

      d.      The right, if the defendant wished, to testify on his own behalf and present evidence in opposition to the charges, including the right to call witnesses and to subpoena those witnesses to testify.

      e.      The right not to be compelled to testify, and, if the defendant chose not to testify or present evidence, to have that choice not be used against him.

      f.      By pleading guilty, the defendant also gives up any and all rights to pursue in this Court or on appeal any affirmative defenses, Fourth Amendment or Fifth Amendment claims, and other pretrial motions that have been filed or could be filed.

15.    <u>FOIA Requests</u>. The defendant hereby waives all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including without limitation any records that may be sought under the Freedom of Information Act, 5 U.S.C. § 552, or the Privacy Act of 1974, 5 U.S.C. § 552a.

16.    <u>Waiver of Appellate Rights</u>. The defendant gives up his right to appeal his conviction, sentence, or any other matter relating to this prosecution on any ground.

17. <u>The Court is not a Party to this Agreement</u>. The defendant understands that the Court is not a party to this agreement and is under no obligation to accept any recommendation by the U.S. Attorney's Office or the parties regarding the sentence to be imposed. The defendant further understands that, even if the Court ignores such a recommendation or imposes any sentence up to the maximum established by statute, the defendant cannot, for that reason, withdraw his guilty plea, and he will remain bound to fulfill all of his obligations under this agreement. The defendant understands that no one—not the prosecutor, the defendant's attorney, or the Court—can make a binding prediction or promise regarding the sentence he will receive, except that it will be within the statutory minimum and maximum.

18. <u>This Agreement is Limited to the Parties</u>. This agreement is limited to the U.S. Attorney's Office for the Western District of Michigan, and cannot bind any other federal, state or local prosecuting, administrative or regulatory authority. This agreement applies only to crimes committed by Defendant. This agreement does not apply to or preclude any past, present, or future forfeiture or civil actions.

19. <u>Consequences of Breach</u>. If the defendant breaches any provision of this agreement, whether before or after sentencing, the United States shall have the right to terminate this agreement, or deny any or all benefits to which he would otherwise be entitled under the terms of this agreement. In the event that the United States elects to terminate this agreement, the agreement shall be considered null and void, and the parties shall return to the same position they were in prior to the execution of this agreement, as though no agreement ever existed. In such an event, the defendant shall

9

remain liable for prosecution on all original charges, and the United States shall be free to bring such additional charges as the law and facts warrant. The defendant further agrees to waive and forever give up his right to raise any claim that such a prosecution is time-barred if the prosecution is brought within one year of the breach that gives rise to the termination of this agreement.

20.   This is the Complete Agreement. This agreement has been entered into by both sides freely, knowingly, and voluntarily, and it incorporates the complete understanding between the parties. No other promises have been made, nor may any additional agreements, understandings or conditions be entered into unless in a writing signed by all parties or on the record in open court.

21.   Sex Offender Registration. The defendant acknowledges and agrees that Defendant must register as a sex offender in all applicable jurisdictions, including, but not limited to the jurisdictions where the defendant was convicted, resides, works, and attends school. The defendant understands that failure to register may subject him to prosecution.

MARK A. TOTTEN
United States Attorney

October 24, 2024
Date

TIMOTHY VERHEY
Assistant United States Attorney

I have read this agreement and carefully discussed every part of it with my attorney. I understand the terms of this agreement, and I voluntarily agree to those terms. My attorney has advised me of my rights, of possible defenses, of the sentencing provisions, and of the consequences of entering into this agreement. No promises or inducements have been made to me other than those contained in this agreement. No one has threatened or forced me in any way to enter into this agreement. Finally, I am satisfied with the representation of my attorney in this matter.

_10/24/24_  
Date

_____  
THOMAS AARON HUNGERFORD  
Defendant

I am Thomas Aaron Hungerford's attorney. I have carefully discussed every part of this agreement with my client. Further, I have fully advised my client of his rights, of possible defenses, of the sentencing provisions, and of the consequences of entering into this agreement. To my knowledge, my client's decision to enter into this agreement is an informed and voluntary one.

_10/24/2024_  
Date

_____  
PAVOL FABIAN  
Attorney for Defendant