UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| **United States of America,** | No. 1:24-cr-00092 |
| Plaintiff | Hon. Paul L. Maloney |
| v | |
| **Thomas Aaron Hungerford,** | |
| Defendant. | |

## DEFENDANT'S SENTENCING MEMORANDUM

At 54 years old, Tom Hungerford understands the reality: he must be sentenced to no less than 15 years in prison for his conviction of sexual exploitation of a minor. He understands that even though his sentencing guideline range falls well below, at 87 to 108 months, the law requires the Court to impose at least this 180-month sentence. Of course, Mr. Hungerford understood all of this when he chose to plead guilty.

This, Mr. Hungerford's acceptance of responsibility, has been a common thread in this case. From the moment he was approached by FBI agents and confessed to everything, to the detention hearing and his decision not to challenge it, to his plea of guilty, Mr. Hungerford acknowledged his wrongdoing at each turn.

Now, Mr. Hungerford files this sentencing memorandum asking the Court to impose the recommended and mandatory minimum sentence. He believes this sentence is proportionate. 18 USC § 3553.

### A Proportionate Sentence

Generally, the Court first looks to the sentencing guidelines, which, though advisory, must be given "respectful consideration." *Kimbrough v. United States*, 552

US 85, 109-110 (2007). Here, those guidelines are calculated to be between 87 and 108 months. PSR, ECF No. 34, PageID.133. They suggest that a sentence of approximately 7 to 9 years may be appropriate after taking into account Mr. Hungerford's background and the characteristics of the offense. But, here, the mandatory minimum is 6 years (or 72 months) higher than the top of this range: 180 months, to be exact. And in a case such as this, "[w]here a statutorily required minimum sentence is greater than the maximum of the applicable guidelines range," this mandatory minimum "shall be the guideline sentence." *United States v Johnson*, 564 F3d 419, 423 (CA 6, 2009); *see also*, *United States v Goff*, 6 F3d 363, 366-67 (CA 6, 1993) ("As the guidelines themselves recognize, where a statutory mandatory minimum sentence and the guidelines conflict, the guidelines must yield, and the statutory minimum sentence prevails.")

In this case, then, we start with a guideline sentence of 180 months and ask the only possible question: Is there any reason to vary upward? Mr. Hungerford believes there is not. He suggests that the statutorily mandatory minimum sentence is not just presumptively reasonable but, more to the point, "sufficient, but not greater than necessary" to comply with 18 USC §3553(a).

Turning next to 18 USC §3553(a), a district court must consider the following factors in fashioning its sentence: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed; (3) the kinds of sentences available; (4) the guidelines and policy statements issued by the Sentencing Commission; (5) the need to avoid unwarranted sentencing disparity; and (6) the need to provide restitution to the victim. 18 USC §3553(a).

Here, in light of the 180-month mandatory minimum, we can dispense with some of these factors, like the kind of sentences available, the guidelines and policy statements. Let's consider the rest.

1. **The nature and circumstances of the offense and the history and characteristics of Mr. Hungerford.**

To be sure, the offense is troubling. Mr. Hungerford spied upon a 17-year-old neighbor from outside her bedroom window and secretly recorded her having sex with her boyfriend. *See* PSR, ECF No. 207, PageID. 124, ¶34. This act of recording was the basis for his sexual exploitation of a minor charge. *Id.* at PageID. 117, ¶2; *id.* at PageId. 126, ¶47. It also appears that this was part of a pattern of risk-taking behavior that Mr. Hungerford found himself involved in. *See id.*; *see also, id.* at PageID. 123-25.

As troubling as this offense was, it can be distinguished from other offenses that, too, fall within the sexual exploitation category. This was a crime of opportunity. A singular event where Mr. Hungerford happened to be looking on when sex took place. There is no evidence, for example, that he ever employed, induced, enticed, or coerced *any* child to engage in sexual activity. *See* 18 USC §2251(a). He also did not admit, nor did the investigators ever find, any other such photo or video on any of his devices. Indeed, none of the possible enhancements were applicable in this case. *See* PSR, ECF No. 34, PageID.127, ¶¶54-59.

Meanwhile, Mr. Hungerford, who is now nearly 55 years old, has never once before this been in trouble in his life—neither as a juvenile nor as an adult. *Id.* at PageID.128. While growing up, he enjoyed a good relationship with his parents until their passing, and he continues to maintain relationships with his siblings—despite these charges. *Id.* at PageID.129-130; *see also,* Letters (filed as attachments).

Before his arrest, Mr. Hungerford was married and raising two boys with his wife. *See* Letters. He was roundly regarded as "devoted" to his children, ever-present in their endeavors. *See id.* To Mr. Hungerford, his sons are his "proudest accomplishment." PSR, ECF No. 34, PageID.130, ¶79. And when it came to his family, he could always be counted on and viewed as "supportive," even helping his brother through his own (and his wife's) cancer diagnoses. *See* Letters. None from the outside, though, could see the "downward spiral" Mr. Hungerford found himself.

*See id.* None knew of the sexual abuse he suffered as a young boy. PSR, ECF No. 34, PageID.130, ¶78. In many ways, he lived a double life until the authorities interceded.

Through it all, Mr. Hungerford has lost many things he once cherished—his marriage and contact with his sons, for instance—but never his hope. *See* PSR, ECF No. 34, PageID.129, ¶76, 79. While in jail, Mr. Hungerford reconnected with his faith (a sentiment echoed by his sister Barbara). He also made plans for his future: to continue in his faith, to pursue counseling, and to volunteer in disaster relief efforts. *See id.* at ¶79. And he approaches these plans with the understanding that they will almost entirely take place in prison. *Id.* at PageID.127, ¶51.

### 2. The need for the sentence imposed.

Mr. Hungerford will be nearly 70 years old when he leaves prison, assuming the Court imposes the mandatory minimum sentence of 15 years. Such a sentence, in this case, adequately "reflects the seriousness of the offense" and delivers "just punishment." 18 USC §3553(a)(2)(A). Its length offers "adequate deterrence" to any observer by sending a clear message that this conduct will not be tolerated. 18 USC §3553(a)(2)(B). Most importantly, it certainly prevents Mr. Hungerford from reoffending. 18 USC §3553(a)(2)(C). Finally, this length of time should be ample for Mr. Hungerford to engage in and complete the "correctional treatment" necessary; he expresses a willingness to do so, after all. 18 USC §3553(a)(2)(D).

### 3. The need to avoid sentencing disparity.

Mr. Hungerford can, of course, envision cases where the mandatory minimum may not be sufficient. Cases where adults manipulate children into performing sexual acts and recording them.[1] Or cases where the defendant is a repeat offender. Neither is the situation here. As discussed before, this charge can be distinguished from most that come under this category. Given the facts of this case and Mr. Hungerford's circumstances as a 54-year-old first-time offender, a 15-year prison

---

[1] *See, e.g., United States v Roberts*, No. 23-3914, 2024 WL 4382028, at *1 (CA 6, October 3, 2024) (defendant "manipulated over a hundred children into sending him sexually explicit images and videos of themselves … [and] photographed himself sexually abusing a young boy).

term is, he believes, is a sufficient sanction.

    **4.    The need to provide restitution to the victim.**

Finally, there is restitution. In this case, restitution has been requested, Mr. Hungerford does not dispute it, and he intends to pay it shortly after this Court imposes it. This should not be a factor that weighs heavily toward a lengthier prison term than that already required.

## Conclusion

All told, Mr. Hungerford believes the recommended sentence to the mandatory minimum of 180 months is "sufficient, but not greater than necessary" to comply with the factors set forth in 18 USC §3553(a). Mr. Hungerford respectfully asks this Court to adopt this recommendation at his sentencing.

Dated: February 4, 2025

Respectfully submitted,

*s/ Pavol Fabian*

_____

Pavol Fabian (P78542)
Attorney for Mr. Hungerford
PO Box 1906
Grand Rapids, MI 49501